THE STATE OF OHIO, APPELLEE, *v.* GINGELL, APPELLANT.

[Cite as *State v. Gingell,* 128 Ohio St.3d 444, 2011-Ohio-1481.]

*Criminal law — Reclassification of sexual offenders — R.C. 2950.031 and 2950.032 unconstitutional — State v. Bodyke applied.*

(Nos. 2010-0047 — Submitted January 19, 2011 — Decided April 5, 2011.)

APPEAL from the Court of Appeals for Hamilton County, No. C-081167.

_____

PFEIFER, J.

**Factual and Procedural Background**

{¶ 1}   There is no dispute between the parties that defendant-appellant, Ronald Gingell, was convicted of three counts of rape in 1981, was incarcerated, and was originally classified as a sexually oriented offender pursuant to the 2003 amendments to Megan's Law.  Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, 6558, 6687-6702 (eff. July 31, 2003).  To comply with Megan's Law, Gingell had to verify his address once each year for ten years. Former R.C. 2950.06(B)(2) and 2950.07(B).  Under former R.C. 2950.99, Gingell's failure to properly register as a sexually oriented offender would have been a fifth-degree felony.

{¶ 2}   As of January 1, 2008, the General Assembly repealed Megan's Law and replaced it with the Adam Walsh Act ("AWA"), 2007 Am.Sub.S.B. No. 10.  The parties agree that pursuant to the AWA, specifically R.C. 2950.031 and 2950.032, Gingell was reclassified by the attorney general as a Tier III sexual offender.  R.C. 2950.06(B)(3) requires a Tier III offender to verify his address every 90 days for the rest of his life.  Pursuant to R.C. 2950.99(A)(1)(a), the failure to verify an address is the same degree offense as the underlying sexual offense.  In Gingell's case, that meant that a failure to verify his address would be a first-degree felony.

**{¶ 3}** On July 2, 2008, Gingell was indicted on two first-degree felony counts of violating R.C. 2950.05 and 2950.06. The first count alleged that Gingell had failed to verify an address on or about May 6, 2008; the second alleged that Gingell had failed to provide notice of an address change on June 24, 2008. Gingell pleaded guilty to the first count; the second count was dismissed. On November 19, 2008, the trial court sentenced Gingell to an eight-year prison term and five years of postrelease control.

**{¶ 4}** Gingell appealed to the First District Court of Appeals. He argued that the trial court had erred in retroactively applying R.C. 2950.99, which made Gingell's violation of R.C. 2950.06 a first-degree felony; he contended that the court should have applied the version of R.C. 2950.99 in place at the time of his original classification, which would have made his failure to verify his address a fifth-degree felony. The court of appeals held that there was no retroactive application of R.C. 2950.99 because Gingell's failure to register occurred after the January 1, 2008 effective date of the statute.

**{¶ 5}** This court accepted a discretionary appeal by Gingell, an appeal that was based primarily upon the issue of the retroactivity of R.C. 2950.99. However, during the pendency of Gingell's appeal, this court decided *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, which addressed the constitutionality of the reclassification under the AWA of sexual offenders previously classified under Megan's Law.

**Law and Analysis**

**{¶ 6}** In *Bodyke*, this court held that R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, were unconstitutional and severed them from the AWA. This court specifically addressed what that severance meant for offenders like Gingell, who had originally been classified under Megan's Law and were then reclassified under the AWA:

{¶ 7} "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Bodyke* at ¶ 66.

{¶ 8} Thus, pursuant to *Bodyke*, Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated. Therefore, the current version of R.C. 2950.06, which requires Tier III sexual offenders to register every 90 days, does not apply to Gingell. Since Gingell was charged after his reclassification and before *Bodyke*, there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA. Because the application of the AWA was based upon an unlawful reclassification, we reverse the judgment of the court of appeals and vacate Gingell's conviction for a violation of the 90-day address-verification requirement of R.C. 2950.06. Gingell remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not a part of this case.

Judgment reversed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

Ohio Justice & Policy Center, Margie Slagle, and David A. Singleton, for appellant.

_____