[Cite as *State v. Adkins*, 2011-Ohio-5308.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-v.-

SCOTT ADKINS

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. 2011CA00052

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas Court, Case No. 2010CR0321 |
| JUDGMENT: | Affirmed in part and Reversed in part and Remanded |
| DATE OF JUDGMENT ENTRY: | October 11, 2011 |

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

KRISTINA R. POWERS
Stark County Public Defender's Office
200 W. Tuscarawas Street, Suite 200
Canton, Ohio 44702

*Hoffman, J.*

**(¶1)** Defendant-appellant Scott Adkins appeals the March 4, 2011 Judgment Entry of the Stark County Court of Common Pleas denying his motion to dismiss. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

**(¶2)** In 1996, Appellant entered a plea of guilty to one count of attempted rape, and was sentenced to prison. Appellant was classified a sexually oriented offender upon his release from prison pursuant to Megan's Law, requiring Appellant notify the Stark County Sheriff of any change of address, in writing, within the twenty days prior to the change and also to annually verify his address with the Sheriff.

**(¶3)** In August of 2009, Appellant was reclassified pursuant to the Adam Walsh Act (AWA) as a Tier III offender under R.C. 2950.032, requiring Appellant provide periodic verification of his address every ninety days and to continue to report any change of address.

**(¶4)** On December 10, 2009, Appellant was placed at the Stark Regional Community Corrections Center (SRCCC) on an unrelated case. Appellant subsequently left the SRCCC facility without permission. Once leaving the facility, he failed to register a change in his address with the Stark County Sheriff, and he was not found at his previously registered address. Appellant did not verify an address with the Sheriff within 90 days, but it is conceded he had verified his address within the one year statutory requirement as previously required by Megan's law.

**(¶5)** On April 12, 2010, Appellant entered a plea of guilty to three charges as contained in a bill of information- two counts of failing to register a change of address, violations of R.C. Sections 2950.05(A)(E)(1) and 2950.99(A), and one count of failing to periodically verify his address, a violation of R.C. Sections 2950.06(F) and 2950.99(A). At the time Appellant entered his plea of guilty in this case, he also had an escape charge pending in another case which was resolved in conjunction with his plea herein. The trial court sentenced Appellant to two years on each count to be served concurrently to each other and concurrent with a three year sentence in the unrelated case.

**(¶6)** On February 7, 2011[1], Appellant filed a motion to dismiss the bill of information moving the trial court to allow him to withdraw his guilty plea as the offense to which Appellant entered his pleas was based upon a statute found unconstitutional by the Ohio Supreme Court on June 3, 2010 in *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424. Via Judgment Entry of March 4, 2011, the trial court denied the motion to dismiss.

**(¶7)** Appellant now appeals, assigning as error:

**(¶8)** "I. THE TRIAL COURT ERRED BY FAILING TO ALLOW THE APPELLANT TO WITHDRAW HIS PLEA, THEREBY SUBJECTING HIM TO TIER III OFFENDER REGISTRATION REQUIREMENTS WHEN HE WAS SUBJECT TO REGISTRATION UNDER MEGAN'S LAW."

---

[1] The State does not assert an argument of res judicata, and we choose to not do so sua sponte.

**(¶9)** "II. THE APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."

I.

**(¶10)** It is uncontested the Ohio Supreme Court in *State v. Bodyke* 126 Ohio St.3d 266, 2010-Ohio-2424, deemed unconstitutional certain provisions of R.C. 2950.031 and R.C. 2950.032, the Adam Walsh Act. In finding the AWA unconstitutional, the Court also found severance to be the proper remedy. The Court did not strike the whole Act. The court held:

**(¶11)** "Applying these standards, we conclude that severance of R.C. 2950.031 and 2950.032, the reclassification provisions in the AWA, is the proper remedy. By excising the unconstitutional component, we do not 'detract from the overriding objectives of the General Assembly,' i.e., to better protect the public from the recidivism of sex offenders, and the remainder of the AWA, 'which is capable of being read and of standing alone, is left in place.' *Foster* at ¶ 98. We therefore hold that R.C. 2950.031 and 2950.032 are severed and, that after severance, they may not be enforced. R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated."

**(¶12)** Although Appellant was reclassified under the new law, he had a continuing obligation pursuant to *Bodyke* to report and register any change in address required under Megan's law, which he failed to do. There was no lapse in Appellant's registration requirement created by severance of portions of the Adam Walsh Act.

**(¶13)** In *State v. Poling* (June 27, 2011), Stark App. No. 2009-CA-00264, 2011-Ohio-3201, this Court held:

**(¶14)** "In conclusion, appellant's reclassification has no bearing on the outcome of his prosecution. According to *Bodyke,* appellant's reclassification as a Tier III offender cannot be enforced, and his original classification as a sexually oriented offender will be reinstated. *Id.* at ¶ 66, 933 N.E.2d 753. However, as stated above, appellant was required to register a change of address at least twenty days prior to changing said address even before his reclassification from a sexually oriented offender to a Tier III offender. He failed to do so and was appropriately prosecuted, convicted and sentenced. The penalty enhancement provisions do not punish the past conduct; instead, they merely increase the severity of a penalty imposed for a present violation of the law."

**(¶15)** Accordingly, we affirm the trial court's holding with regard to the two counts relative to Appellant's failure to register a change of address.

**(¶16)** In *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, the Ohio Supreme Court held an offender who is originally classified under Megan's Law cannot be convicted of violating the verification requirements of the AWA. The Court explained,

**(¶17)** "Thus, pursuant to *Bodyke,* Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated. Therefore, the current version of R.C. 2950.06, which requires Tier III sexual offenders to register every 90 days, does not apply to Gingell. Since Gingell was charged after his reclassification and before *Bodyke,* there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA. Because the

application of the AWA was based upon an unlawful reclassification, we reverse the judgment of the court of appeals and vacate Gingell's conviction for a violation of the 90–day address-verification requirement of R.C. 2950.06. Gingell remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not a part of this case."

**(¶18)** As Appellant's original classification required annual verification pursuant to Megan's Law, Appellant cannot now be convicted for a violation of the 90-day address verification requirement under the AWA.

**(¶19)** Based upon the Supreme Court's holding in *Gingell*, the trial court's judgment with regard to the one count of Appellant's failing to periodically verify his address, a violation of R.C. Sections 2950.06(F) and 2950.99(A), is reversed.

**(¶20)** Appellant's first assignment of error is affirmed in part and reversed in part, and remanded for resentencing.

II.

**(¶21)** In the second assignment of error, Appellant argues he was denied the effective assistance of trial counsel.

**(¶22)** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. In order to warrant a finding that trial counsel was

ineffective, the petitioner must meet *both* the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance* (2009), —— U.S. ——, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251. We apply the *Strickland* test to all claims of ineffective assistance of counsel, both trial counsel, or appellate counsel. *State v. Turner,* Licking App. No.2006–CA–123, 2007–Ohio–4583; *State v. Godfrey* (Sept. 2, 1999), Licking App. No. 97CA0155.

**(¶23)** To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

**(¶24)** Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland,* 466 U .S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To prevail on his ineffective-assistance claim, appellant must

show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

**(¶25)** For the reasons set forth in our analysis and disposition of Appellant's first assignment of error, we overrule Appellant's second assignment of error as moot as to Appellant's conviction for one count of failing to periodically verify his address.

**(¶26)** The March 4, 2011 Judgment Entry of the Stark County Court of Common Pleas is affirmed in part and reversed in part and remanded for resentencing in accordance with the law and this Opinion.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee              :
                                        :
-v.-                                    :          JUDGMENT ENTRY
                                        :
SCOTT ADKINS                            :
                                        :
    Defendant-Appellant             :          Case No. 2011CA00052


For the reasons stated in our accompanying Opinion, the March 4, 2011 Judgment Entry of the Stark County Court of Common Pleas is affirmed in part and reversed in part and remanded for resentencing in accordance with the law and this Opinion. Costs divided equally.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER