[Cite as *State v. Santia*, 2011-Ohio-5984.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24469 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 90-CR-0405 |
| v. | : | |
| | : | |
| JEFFREY L. SANTIA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of November, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT L. SCOTT, Atty. Reg. #0086785, 8801 North main Street, Suite 200, Dayton, Ohio 45415
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Jeffrey L. Santia appeals from an order of the trial court denying his post-sentence motion to withdraw his plea of guilty to having failed to provide the

notice of change of address required of him as a registered sex offender. He contends that unless his guilty plea is withdrawn, he will be the victim of a manifest injustice, in that he was convicted under the amended version of R.C. Chapter 2950 known as the "Adam Walsh Act," 2007 Am.Sub.S.B. No. 10, when, as a result of *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the less severe, previous version of R.C. Chapter 2950, known as "Megan's Law," applied to him.

{¶ 2} The conduct alleged in the indictment constitutes a violation of the statute regardless of whether the Adam Walsh Act amended version is applied, or the prior version of the statute is applied. And, in Santia's circumstances, the violation is punishable as a fourth-degree felony regardless of which version of the statute is applied. Therefore, we conclude that no manifest injustice has been visited upon Santia that requires the vacation of his guilty plea. Accordingly, the order of the trial court denying his motion to withdraw his plea is Affirmed.

I

{¶ 3} In early January, 2004, Santia either pled guilty to, or was convicted of, Attempted Unlawful Sexual Conduct with a Minor, a felony of the fourth degree. He was classified as a sexually oriented offender under the version of R.C. Chapter 2950 in effect at that time. As a result of 2003 S.B. 5, which went into effect on January 1, 2004, the violation of the reporting, registration, notification and verification requirements of the statute constituted a felony of the same degree as the most serious sexually oriented offense giving rise to the sex offender classification, if that was a felony of the fourth or fifth degree.

Therefore under the law in effect when Santia was classified as a sexually oriented offender (Megan's Law), his violation of his reporting, registration, notification and verification requirements would constitute a felony of the fourth degree.

{¶ 4}   In February, 2009, Santia was charged by indictment with having failed to provide the notice of change of address required of him under R.C. Chapter 2950.   He pled guilty, and was sentenced to community control sanctions.   Santia had presumably been reclassified in 2008, by the Ohio Attorney General, as a Tier I sex offender, as required by the Adam Walsh Act.

{¶ 5}   At the end of March 2009, Santia pled guilty to the offense charged in the indictment, a fourth-degree felony.   He was sentenced to community control sanctions for a period not to exceed five years.

{¶ 6}   In September 2010, Santia received notice from the office of the Ohio Attorney General that his sex offender classification had been "switched back to [his] original Megan's Law classification," because of the decision of the Supreme Court of Ohio in *State v. Bodyke*. In early October 2010, Santia moved to withdraw his guilty plea, contending that the withdrawal of his plea was necessary to prevent a manifest injustice.

{¶ 7}   The trial court denied Santia's motion to withdraw his guilty plea.   From the order denying his motion, Santia appeals.


II

{¶ 8}   As a preliminary matter, Santia has moved, pro se, for an order of this court allowing him to file an additional brief, pro se, in his behalf, or, in the alternative, he wishes

us to consider *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481.

{¶ 9} The practice of this court has been not to permit a litigant to both have his counsel file briefs or pleadings on his behalf, and to file briefs or pleadings pro se. Therefore, Santia's motion to allow him to file a brief pro se, in addition to the brief filed by his counsel, is denied.

{¶ 10} It appears that Santia's main purpose in this regard is to make sure that this court is aware of *State v. Gingell*. We assure him that we were already aware of this decision, and we have, in fact, considered it in connection with this appeal.

III

{¶ 11} Santia's sole assignment of error is as follows:

{¶ 12} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT/ APPELLANT'S POST-SENTENCE MOTION TO WITHDRAW PLEA AGREEMENT BASED UPON A MAJOR CHANGE OF LAW AND INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 13} A post-sentence withdrawal of a plea is permitted "to correct manifest injustice." Crim. R. 32.1. We conclude that no manifest injustice exists in this case that requires the withdrawal of Santia's plea for its correction.

{¶ 14} The specific conduct charged in the indictment, which Santia admitted by virtue of his plea of guilty, constituted a violation of his notification requirements under either Megan's Law, or the Adam Walsh Act that amended it. Although the Adam Walsh Act

extended the period during which Santia, as a Tier I sex offender, would be required to comply from ten years to fifteen years, his alleged failure to comply with the notification requirements occurred well within the ten-year period prescribed by Megan's Law.

{¶ 15} The Adam Walsh Act also shortened the period of time within which he was required to notify the Sheriff of a change in his place of employment, from five days under Megan's Law to three days under the Adam Walsh Act. But Santia was charged in the indictment with having violated his duty to comply with the notification requirements for a period of 28 days, from January 4, 2009, through February 1, 2009. Again, the conduct with which Santia was charged in the indictment would violate either the Megan's Law or the Adam Walsh Act version of R.C. Chapter 2950.

{¶ 16} Finally, the penalty to which Santia was exposed by virtue of his guilty plea was the same under either version of R.C. Chapter 2950. Under either the Megan's Law in effect when Santia was classified in January, 2004, or the Adam Walsh Act amendments, Santia's offense was a felony of the fourth degree.

{¶ 17} When Santia pled guilty, *State v. Bodyke* had not yet been decided. We assume, therefore, that Santia, the State, and the trial court all assumed that the Adam Walsh Act amended version of R.C. Chapter 2950 applied to him. The result of *State v. Bodyke* is that these assumptions were incorrect – the previous version of R.C. Chapter 2950, Megan's Law, applied to him. But in Santia's case, it makes no difference that he, the State, and the trial court were all operating on those incorrect assumptions. The charged conduct, to which Santia admitted by pleading guilty, and the penalty therefor, remained the same either way. Accordingly, we do not find that in this case a manifest injustice has been visited upon Santia.

{¶ 18} Santia's sole assignment of error is overruled.

IV

{¶ 19} Santia's sole assignment of error having been overruled, the order of the trial court denying his motion to withdraw his plea of guilty is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Robert L. Scott
Jeffrey L. Santia
Hon. Mary L. Wiseman