Hall, Judge,
concurring.
{¶ 31} Eads was separately charged with failure to verify his current residence address and failure to notify the county sheriff of a change of address, both occurring on or after November 20, 2010. Without doubt, because of the unique timing of his underlying conviction and sentencing, Eads should have been designated as one of the available sexual-offender levels under Megan’s Law, rather than a tiered offender under the Adam Walsh Act, but he was not. He did not appeal his incorrect Tier III designation.
{¶ 32} However, on June 3, 2010, before the offense dates in Eads’s indictment, the Ohio Supreme Court released State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and announced: “We therefore hold that R.C. 2950.031 and 2950.032 are severed and, that after severance, they may not be enforced. R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan’s Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated.” This decision announced the policy that Adam Walsh registration restrictions should not apply to Megan’s Law offenders. In the more recent case of State v. Gingell, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, the Supreme Court applied the Bodyke holding, making Tier III registration inapplicable, even though Gingell had not independently challenged his Tier III reclassification at the time it was done. Those two cases, coupled with State v. Williams, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (holding that imposing Adam Walsh registration requirements on offenders whose act was before its enactment is unconstitutional) require that Eads’s conviction be reversed.
*501 {¶ 33} I would hold that a defendant can raise the issue of the Megan’s Law-Adam Walsh switch in the direct appeal of his conviction for violation of his registration requirements. Not before us is whether a final conviction for violation of registration requirements can be collaterally attacked based on recent jurisprudence.
{¶ 34} Eads now has no registration requirement, and it may be required that the state of Ohio apply to the juvenile court for relief.