[Cite as *State v. Beasley*, 2011-Ohio-6650.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96806

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY L. BEASLEY

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND VACATED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-521632

**BEFORE:** S. Gallagher, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Chief Public Defender

BY:  Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Daniel T. Van
        James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶ 1}  Appellant Anthony Beasley appeals his convictions in Cuyahoga County Common Pleas Court Case No. CR-521632.   The state indicted Beasley on one count for failure to verify his current address in violation of R.C. 2950.06(F).   For the following reasons, we reverse Beasley's conviction and vacate his sentence.

**{¶ 2}** In 1997, Beasley was convicted of rape in Cuyahoga County Common Pleas Court Case No. CR-346960. He was sentenced to prison and classified as a sexually oriented offender. Under that classification, Beasley was required to register and verify his address annually for ten years from his date of release from prison. In July 2007, Ohio's version of the Adam Walsh Act ("AWA") was enacted. After the AWA's enactment, Beasley was reclassified under the AWA tier system and required to verify his address every 90 days for life.

**{¶ 3}** In August 2008, Beasley failed to verify his address. He had previously verified his address in June 2008 according to his yearly reporting requirement under Megan's Law. Beasley pleaded guilty to the one count and was sentenced to three years in prison. On March 4, 2011, Beasley filed a motion to withdraw his guilty plea. Beasley attached his own affidavit to the motion setting forth the basis of the motion, more specifically, stating he was reclassified under the AWA and subjected to the more stringent reporting requirements. The trial court denied Beasley's motion on the basis that the indictment did not include, as an element of the offense, that his duty to register arose from the AWA reporting requirements.

**{¶ 4}** It is from this order that Beasley now appeals, raising one assignment of error, which provides as follows: "The trial court erred when it denied Mr. Beasley's motion to withdraw his guilty plea because Mr. Beasley's conviction is predicated on an unlawful reclassification and he is actually innocent of the charge." In light of *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and *State v. Gingell*, 128

Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, we find that Beasley's sole assignment of error has merit.

**{¶ 5}** "A motion to withdraw a guilty plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. "Manifest injustice is a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her. It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases." (Internal citations and quotations omitted.) *State v. Cottrell*, Cuyahoga App. No. 95053, 2010-Ohio-5254, ¶ 15. We review a trial court's denial of a postsentence motion to withdraw a guilty plea under an abuse of discretion standard. Id. at ¶ 16.

**{¶ 6}** The Ohio Supreme Court held that reclassification under the AWA was unlawful if offenders had a duty to report under Megan's Law from a prior court order. *Bodyke*, 126 Ohio St.3d 266, at ¶ 22. Further, failing to report based on an AWA registration requirement unlawfully imposed cannot serve as the basis of a reporting violation charge, and convictions for such violations are void. *State v. Gingell*, 128 Ohio St.3d 444; see, also, *State v. Page*, Cuyahoga App. No. 94369, 2011-Ohio-83, ¶ 10; *State v. Gilbert*, Cuyahoga App. Nos. 95083 and 95084, 2011-Ohio-1928; *State v. Smith*, Cuyahoga App. No. 92550, 2010-Ohio-2880, ¶ 29; *State v. Patterson*, Cuyahoga App. No. 93096, 2010-Ohio-3715; *State v. Jones*, Cuyahoga App. No. 93822, 2010-Ohio-5004.

**{¶ 7}** In this case, the trial court denied Beasley's postconviction motion to vacate his plea on the basis that the indictment did not include the element that Beasley's reporting violation was predicated on the AWA requirements. While a true statement, the indictment would never have information about the basis of an offender's reporting requirement. The basis of the reporting requirement is not an element of the failure-to-verify offense, and therefore, it would not be included in the indictment. Beasley attached an affidavit to his motion in which he stated that he was indicted for failing to verify his address according to the 90-day reporting requirement, imposed based on the unlawful reclassification, and that his reporting requirement upon release was to be completed annually pursuant to Megan's Law.

**{¶ 8}** A trial court abuses its discretion in denying a defendant's motion to vacate a plea without first conducting an evidentiary hearing when the motion includes evidence sufficient to demonstrate a manifest injustice. *State v. Russ*, Cuyahoga App. No. 81580, 2003-Ohio-1001, ¶ 12. Beasley included evidence in support of his motion that established that his conviction was invalid as a matter of law, and therefore he demonstrated a manifest injustice. The trial court abused its discretion in summarily denying Beasley's motion.

**{¶ 9}** The state concedes that Beasley's conviction for the reporting violation is invalid if his unlawful reclassification served as the predicate of the reporting violation. The state asks this court to remand the matter in order to determine whether the unlawful reclassification served as the basis for Beasley's conviction. We decline such a request

in light of the fact Beasley's Megan's Law reporting requirements could not have existed as a matter of law when he was charged with the reporting violation.

{¶ 10} In August 2008 when Beasley was indicted, the only applicable law was the AWA and the reporting requirements thereunder. When the Ohio legislature enacted the AWA, it repealed Megan's Law and required the Attorney General to reclassify all offenders under the AWA. *Bodyke*, 126 Ohio St.3d 266, at ¶ 20. Therefore, Beasley could only be charged with violating his duty to report pursuant to the more stringent AWA reporting requirements at the time he was indicted. See id. By legislative decree, Beasley's Megan's Law reporting requirements no longer existed. It was not until the Ohio Supreme Court issued the *Bodyke* decision in June 2010 that the Megan's Law reporting requirements were "reinstated." Id. at ¶ 66.

{¶ 11} As a matter of law, Beasley was indicted for a reporting violation based on Beasley's reclassification, which was deemed unconstitutional. It therefore cannot serve as the predicate for the violations charged in the indictment, and Beasley is permitted to withdraw his plea in order to correct a manifest injustice. See, e.g., *Gingell*, 128 Ohio St.3d 444. Beasley's sole assignment of error is sustained.

{¶ 12} We reverse the decision of the trial court, vacate Beasley's conviction, and remand for the sole purpose of vacating Beasley's conviction and ordering his immediate release from the prison time he is serving for the current case.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR