[Cite as *State v. Dillon*, 2012-Ohio-773.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT11-0062 |
| RANDY L. DILLON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court
of Common Pleas, Case No. CR 2007-0114

JUDGMENT:      Reversed and Remanded for Limited
Proceedings

DATE OF JUDGMENT ENTRY:      February 23, 2012

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RON WELCH      RANDY L. DILLON
Assistant Prosecuting Attorney      Ross Correctional Institution
Muskingum County, Ohio      P.O. Box 7010
27 North Fifth Street      Chillicothe, Ohio 45601
Zanesville, Ohio 43701

*Hoffman, J.*

{¶ 1}  Defendant-appellant Randy L. Dillon appeals the November 1, 2011 Judgment Entry entered by the Muskingum County Court of Common Pleas denying his motion for resentencing.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶ 2}  Following a jury trial, Appellant was found guilty of burglary, a felony of the second degree; kidnapping, a felony of the first degree; attempted murder, a first degree felony; and rape, a first degree felony.  On March 13, 2007, Appellant burglarized the home of Tonya Alexander, kidnapping her 14 month-old daughter, raping her, and leaving her on the side of the road where she was later discovered and taken for medical care.

{¶ 3}  Via Judgment Entry of May 30, 2008, the trial court sentenced Appellant to a collective sentence of life without the possibility of parole plus twenty-eight years.  The Court further classified Appellant a Tier III sex offender, subject to a lifetime of reporting, pursuant to S.B. 10 and the Adam Walsh Act.

{¶ 4}  On April 10, 2008, Appellant filed a "Common Law Motion to Vacate: Void Judgement [SIC] for Lack of Subject-Matter Jurisdiction."  Via Journal Entry of April 12, 2010, the trial court denied the motion.

{¶ 5}  On October 31, 2011, Appellant moved the trial court for resentencing. Appellant's motion cites the Ohio Supreme Court decision in *State v. Williams* 2011-Ohio-3374.  Appellant argued the offenses for which he was convicted occurred prior to July 1, 2007; therefore, S.B. 10 could not be applied retrospectively in violation of the Ex

Post Fact Laws of the Ohio and United States' Constitutions. Appellant maintains Ohio's version of Megan's Law is applicable sub judice.

{¶ 6} Via Journal Entry of November 1, 2011, the trial court denied the motion for resentencing. Appellant now appeals, assigning as error:

{¶ 7} "THE ADAM WALSH ACT DOES NOT APPLY TO APPELLANT'S SENTENCE WHEN IT VIOLATES THE EX POST FACTO CLAUSE."[1]

{¶ 8} Initially, we note, Appellant filed a direct appeal from his May 30, 2008 sentence, but did not raise the issue presented herein in his direct appeal to this Court. This Court affirmed Appellant's conviction via Opinion and Judgment Entry of June 24, 2009, Muskingum App. No.2008-CA-37.

{¶ 9} Appellant argues his offenses occurred prior to July 1, 2007; therefore, the trial court erred in retroactively applying the provisions of the Adam Walsh Act, S.B. 10, in classifying him a Tier III sex offender.

{¶ 10} In *State v. Williams,* 2011-Ohio-3374, the Ohio Supreme Court held the statutory changes of S.B. 10 and the Adam Walsh Act violate the prohibition against Ex Post Facto laws or retroactive laws when applied to a person whose crime was committed prior the enactment of S.B. 10.

{¶ 11} In *State v. Eads* 2011-Ohio-6307, the Second District Court of Appeals, analyzed the issue presented herein:

{¶ 12} "In *Williams,* the supreme court concluded that S.B. 10 retroactively created new burdens, duties and obligations on persons (such as Eads) who committed sex offenses prior to the effective date of that statute. *Williams* at ¶ 20. Accordingly, the

---

[1] We note Appellant's assignment of error states a proposition of law rather than a claim of trial court error.

retroactive application of S.B. 10 to those persons is a nullity, and Eads's classification as a Tier III sex offender is void.

{¶ 13} "We further note that, with respect to S.B. 10, the Ohio Supreme Court has applied its holdings broadly. In *State v. Bodyke,* 126 Ohio St.3d 266, 2010–Ohio–2424, the supreme court concluded that 'R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instruct the executive branch to review past decisions of the judicial branch and thereby violate the separation-of-powers doctrine. In addition, R.C. 2950.031 and 2950.032 violate the separation-of-powers doctrine by requiring the opening of final judgments.' The court severed the reclassification provisions from S.B. 10. The court thus held: 'We therefore hold that R.C. 2950.031 and 2950.032 are severed and, that after severance, they may not be enforced. *R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated.*' (Emphasis added in original.) *Id.* at ¶ 66

{¶ 14} "Following its expansive language, the supreme court has not limited its holding in *Bodyke* to that case and to those sex offenders who had pending cases based on challenges to their reclassifications. Rather, the Supreme Court has applied *Bodyke* to all sex offenders who were reclassified by the Attorney General under R.C. 2950.031 and R.C. 2950.032.

{¶ 15} "For example, in *State v. Gingell,* 128 Ohio St.3d 444, 2011–Ohio–1481, Gingell was convicted of three counts of rape in 2000 and was originally classified as a

sexually oriented offender. In accordance with S.B. 10, Gingell was reclassified by the Attorney General as a Tier III sex offender, who was required to register every 90 days for life. Gingell was later prosecuted for failing to verify his address and failing to register a change of address; he pled guilty to failing to verify his address. Gingell appealed, claiming that the trial court erred in retroactively applying the current version of R.C. 2950.99 (which made Gingell's offense a first degree felony), rather than the version that was in effect at the time of his original classification. *Bodyke* was rendered during the pendency of Gingell's appeal.

{¶ 16} "Although Gingell had not challenged his reclassification as a Tier III sex offender and had pled guilty to failing to verify his address in accordance with the S.B. 10's 90–day reporting schedule, the supreme court gave Gingell the benefit of *Bodyke.* The court reasoned: '* * * [P]ursuant to *Bodyke,* Gingell's original classification under Megan's Law and the associated community-notification and registration order were reinstated. Therefore, the current version of R.C. 2950.06, which requires Tier III sexual offenders to register every 90 days, does not apply to Gingell. Since Gingell was charged after his reclassification and before *Bodyke,* there is no doubt that he was indicted for a first-degree felony for a violation of the reporting requirements under the AWA [S.B. 10]. Because the application of the AWA was based upon an unlawful reclassification, we reverse the judgment of the court of appeals and vacate Gingell's conviction for a violation of the 90–day address-verification requirement of R.C. 2950.06. Gingell remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not a part of this case.' *Gingell* at ¶ 8.

**{¶ 17}** "Like the broad holding in *Bodyke,* the holding in *Williams* expressly applies to 'any other sex offender who committed an offense prior to the enactment of S.B. 10.' *Williams* at ¶ 22. Considering this language in *Williams* and the supreme court's broad application of *Bodyke* in *Gingell,* we conclude that *Williams* must be applied to Eads, despite his failure to challenge his classification under S.B. 10 in a direct appeal of his delinquency adjudication.

**{¶ 18}** "In summary, Eads's classification as a Tier III sex offender by the juvenile court violated Ohio's Retroactivity Clause and is void."

**{¶ 19}** Based upon the Ohio Supreme Court holding in *Williams* and the analysis set forth in *Eads,* supra, we find the trial court erred in classifying Appellant a Tier III sex offender under the provisions of S.B. 10 and the Adam Walsh Act where the offenses for which Appellant was convicted occurred prior to the enactment of the legislation. Accordingly, we reverse the November 1, 2011 Judgment Entry of the trial court and remand the matter to the trial court for a classification hearing in accordance with the law in effect at the time the offenses were committed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                   :
                                                :
    Plaintiff-Appellee                          :
                                                :
-vs-                                            :               JUDGMENT ENTRY
                                                :
RANDY L. DILLON                                 :
                                                :
    Defendant-Appellant                         :               Case No. CT11-0062


For the reason stated in our accompanying Opinion, we reverse and remand the matter to the trial court for the limited purpose of classifying Appellant in accordance with the law in effect at the time the offenses were committed.  Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY