[Cite as *State v. Campbell*, 2012-Ohio-3332.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110627 |
| | | TRIAL NO. B-1101716 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| DONTA CAMPBELL, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 25, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ohio Justice & Policy Center* and *Marguerite Slagle*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge**.

### *Facts and Procedure*

{¶1} On November 1, 2002, defendant-appellant Donta Campbell was convicted of rape. After a sex-offender-classification hearing under former R.C. Chapter 2950 ("Megan's Law"), the trial court classified Campbell as a sexually oriented offender. *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV 6556. As a sexually oriented offender, Campbell was required to register for ten years and to verify his address annually. He was also required to notify the sheriff of any change of address. In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("Senate Bill 10") to implement the federal Adam Walsh Child Protection and Safety Act.

{¶2} Campbell was indicted on March 17, 2011, for failing to notify the sheriff of an address change, a felony of the first degree. On May 5, 2011, he pleaded guilty to failure to notify as a second-degree felony. The trial court accepted Campbell's plea and set sentencing for May 20, 2011. On May 19, Campbell filed a motion and a supplemental motion to withdraw his guilty plea, arguing that he had entered his plea in ignorance of the Ohio Supreme Court's decisions in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192. Campbell also argued that the indictment was facially invalid, that the state had not filed a bill of particulars even though Campbell had requested one, and that the facts did not support the charge. The trial court granted Campbell's motion to withdraw his plea.

{¶3} Campbell filed a motion to dismiss the indictment on June 24, 2011, arguing that the indictment was facially invalid because (1) it failed to state an

offense and (2) it alleged a violation under Senate Bill 10, which was inapplicable to him because he had committed his offense and had been classified under Megan's Law. The state filed a bill of particulars on July 7, 2011.

{¶4} After a hearing on July 13, 2011, the trial court orally overruled Campbell's motion to dismiss the indictment. Campbell filed a motion for reconsideration of the trial court's oral denial of the motion to dismiss the indictment, which the trial court overruled in a written entry. Campbell pleaded guilty to failing to provide notice of an address change. The court accepted Campbell's plea and found him guilty on September 20, 2011. Campbell filed a premature notice of appeal on October 5, 2011. Campbell was sentenced on October 13, 2011, to two years' incarceration.

### Analysis

{¶5} Campbell's sole assignment of error alleges that the trial court erred in overruling his motion to dismiss the indictment because the application of R.C. Chapter 2950 to him was unconstitutional.

{¶6} The Ohio Supreme Court held in *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio 2424, 933 N.E.2d 753, that "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the reopening of final judgments." *Id.* at paragraph three of the syllabus. Further, the court held that the statutes violate the separation of powers doctrine because they "impermissibly instruct the executive branch to review past decisions of the judicial branch." *Id.* at paragraph two of the syllabus. The court severed the statutory provisions, holding that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated under Megan's Law," and "reinstated" the

classifications and community-notification and registration orders imposed previously by the trial courts. *Id.* at ¶ 66. The Supreme Court cited *Bodyke* in *Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, holding that an offender who had been judicially classified as a sexually oriented offender and had been ordered to register annually for ten years under Megan's Law could not be prosecuted for failing to comply with a more restrictive requirement imposed after reclassification as a Tier III sex offender under Senate Bill 10.

{¶7} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Ohio Supreme Court held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. The court concluded that Senate Bill 10's more stringent classification, registration, and community-notification provisions imposed "new or additional burdens, duties, obligations, or liabilities as to a past transaction" and created "new burdens, new duties, new obligations, or new liabilities not existing at the time" upon sex offenders who had committed their crimes prior to Senate Bill 10's enactment. *Id.* at ¶ 19. The court held that Senate Bill 10's classification, registration, and community-notification provisions were punitive and could not constitutionally be retroactively applied to sex offenders who had committed their sex offenses before its enactment.

{¶8} The Supreme Court applied the holdings of *Bodyke* and *Williams* in *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406. Palmer had pleaded guilty to sexual battery in 1995 and had served an 18-month sentence. He had no duty to register under Megan's Law because he had completed his sentence prior to July 1, 1997. After Senate Bill 10 became effective, Palmer was administratively

4

classified as a Tier III sex offender. He was then indicted for failing provide notice of an address change and for failing to verify his current address. The Supreme Court held that the indictment against Palmer should have been dismissed because Senate Bill 10's classification, registration, and community-notification provisions could not constitutionally be applied to him. Further, the court noted, Megan's Law did not apply to Palmer because he had been released from prison for his sex offense prior to July 1, 1997.

{¶9} Because Campbell committed his crime in 2002, Senate Bill 10's classification, registration, and community-notification provisions may not be applied to him. Campbell argues that he was unconstitutionally charged and convicted under Senate Bill 10. The indictment alleges that Campbell failed to provide written notice at least 20 days prior to an address change. Campbell argues that when he was convicted of his original sex offense, he was required, under Megan's law, to give written notice at least seven days prior to an address change. Therefore, Campbell asserts, the indictment unconstitutionally charges him with a Senate Bill 10 violation.

{¶10} Megan's Law was amended effective May 7, 2002, by Am.Sub.S.B. No. 175, to provide for a 20-day notice requirement. Megan's Law and its amendments were upheld as constitutional by the Ohio Supreme Court. *See State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110; *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998). Therefore, Campbell had a duty under Megan's Law to provide written notice at least 20 days prior to an address change.

{¶11} Campbell also argues that the indictment unconstitutionally charged him with a Senate Bill 10 violation because it charged him with a first-degree felony, and when he committed his sex offense, failure to notify of an address change was a

5

fifth-degree felony. Campbell asserts that the "retroactive" application of R.C. 2950.99's current penalty provisions, which made Campbell's failure-to-notify offense a first-degree felony, was unconstitutional.

{¶12} Current R.C. 2950.99's penalty provisions became effective January 1, 2008. Campbell pleaded guilty to failing to notify the sheriff of an address change on or about March 2, 2011. Although Campbell's duty to register stemmed from his sex offense, his failure to notify the sheriff of an address change was a new offense that he had committed after the effective date of current R.C. 2950.99's penalty provisions. *See State v. Bowling*, 1st Dist. No. C-100323, 2011-Ohio-4946, ¶ 26, *discretionary appeal allowed*, 131 Ohio St.3d 1437, 2012-Ohio-331, 960 N.E.2d 986; *State v. Freeman*, 1st Dist. No. C-100398, 2011-Ohio-4357, ¶ 25. Therefore, current R.C. 2950.99 was not applied retroactively to Campbell's conduct. *Id.*

{¶13} The Supreme Court's decision in *Williams* does not require a different result. As we pointed out in *Bowling* and *Freeman*, *Williams* dealt with the imposition of Senate Bill 10's more stringent registration requirements upon an offender who had committed his sex offense prior to its enactment. *Bowling* at ¶ 28; *Freeman* at ¶ 21. This case deals with the imposition of R.C. 2950.99's penalty provisions on Campbell, who committed his offense after the effective date of that statute. Although current R.C. 2950.99 has the same effective date as Senate Bill 10, it was not enacted as part of Senate Bill 10. It was enacted as part of Am.Sub.S.B. 97, which, among other things, modified the penalties for violations of the sex-offender registration and notification laws. *Bowling* at ¶ 28; *Freeman* at ¶ 21.

{¶14} Campbell had an ongoing duty to notify the sheriff of any change of address. His indictment, conviction, and sentence were based upon his failure-to-notify offense, which occurred after R.C. 2950.99's effective date. We point out that,

contrary to Campbell's argument, he is not being punished twice for the same crime. He was punished in 2002 for his sex offense. His present conviction is based on his separate offense for failure to notify.

{¶15}   Campbell had an ongoing duty under Megan's Law to provide written notice 20 days prior to a change of address. His failure-to-notify offense was based upon that duty, and not on any unconstitutional reclassification under or retroactive application of Senate Bill 10. Further, the penalty provisions of current R.C. 2950.99 were not applied retroactively because Campbell's failure-to-notify offense was committed after the effective date of that statute. The assignment of error is overruled.

{¶16}   The judgment of the trial court is affirmed.

Judgment affirmed.

**SUNDERMANN, P.J.,** and **HENDON, J.**, concur.

Please note:
     The court has recorded its own entry this date.