[Cite as *State v. Campbell*, 2013-Ohio-1569.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110627<br>TRIAL NO. B-1101716 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| DONTA CAMPBELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 19, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ohio Justice & Policy Center* and *Marguerite Slagle*, for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Judge**.

### *Facts and Procedure*

{¶1}     On November 1, 2002, defendant-appellant Donta Campbell was convicted of rape.  After a sex-offender-classification hearing under former R.C. Chapter 2950 ("Megan's Law"), the trial court classified Campbell as a sexually oriented offender.  *See* Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV 6556.  As a sexually oriented offender, Campbell was required to register for ten years and to verify his address annually.  He was also required to notify the sheriff of any change of address.  In 2007, the General Assembly enacted Am.Sub.S.B. No. 10 ("Senate Bill 10") to implement the federal Adam Walsh Child Protection and Safety Act.

{¶2}     Campbell was indicted on March 17, 2011, for failing to notify the sheriff of an address change, a felony of the first degree.  On May 5, 2011, he pleaded guilty to failure to notify as a second-degree felony.  The trial court accepted Campbell's plea and set sentencing for May 20, 2011.  On May 19, Campbell filed a motion and a supplemental motion to withdraw his guilty plea, arguing that he had entered his plea in ignorance of the Ohio Supreme Court's decisions in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192.  Campbell also argued that the indictment was facially invalid, that the state had not filed a bill of particulars even though Campbell had requested one, and that the facts did not support the charge. The trial court granted Campbell's motion to withdraw his plea.

{¶3}     Campbell filed a motion to dismiss the indictment on June 24, 2011, arguing that the indictment was facially invalid because (1) it failed to state an

offense and (2) it alleged a violation under Senate Bill 10, which was inapplicable to him because he had committed his offense and had been classified under Megan's Law. The state filed a bill of particulars on July 7, 2011.

{¶4} After a hearing on July 13, 2011, the trial court orally overruled Campbell's motion to dismiss the indictment. Campbell filed a motion for reconsideration of the trial court's oral denial of the motion to dismiss the indictment, which the trial court overruled in a written entry. Campbell pleaded guilty to failing to provide notice of an address change. The court accepted Campbell's plea and found him guilty on September 20, 2011. Campbell filed a premature notice of appeal on October 5, 2011. Campbell was sentenced on October 13, 2011, to two years' incarceration.

{¶5} We affirmed the trial court's judgment in *State v. Campbell*, 1st Dist. No. C-110627, 2012-Ohio-3332. The Ohio Supreme Court reversed our opinion, and remanded the cause "for application of the court's decisions in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, and *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341." *State v. Campbell*, Slip Op. No. 2012-1519, 2012-Ohio-6192. Accordingly, we vacate, and substitute this opinion for, our 2012 opinion.

### Analysis

{¶6} Campbell's sole assignment of error alleges that the trial court erred in overruling his motion to dismiss the indictment because the application of R.C. Chapter 2950 to him was unconstitutional.

{¶7} The Ohio Supreme Court held in *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, that "R.C. 2950.031 and 2950.032, which require the attorney general to reclassify sex offenders whose classifications have already been

adjudicated by a court and made the subject of a final order, violate the separation-of-powers doctrine by requiring the reopening of final judgments." *Id.* at paragraph three of the syllabus. Further, the court held that the statutes violate the separation-of-powers doctrine because they "impermissibly instruct the executive branch to review past decisions of the judicial branch." *Id.* at paragraph two of the syllabus. The court severed the statutory provisions, holding that "R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated under Megan's Law," and "reinstated" the classifications and community-notification and registration orders imposed previously by the trial courts. *Id.* at ¶ 66. The Supreme Court cited *Bodyke* in *Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, holding that an offender who had been judicially classified as a sexually oriented offender and had been ordered to register annually for ten years under Megan's Law could not be prosecuted for failing to comply with a more restrictive requirement imposed after reclassification as a Tier III sex offender under Senate Bill 10.

{¶8} In *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Ohio Supreme Court held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. The court concluded that Senate Bill 10's more stringent classification, registration, and community-notification provisions imposed "new or additional burdens, duties, obligations, or liabilities as to a past transaction" and created "new burdens, new duties, new obligations, or new liabilities not existing at the time" upon sex offenders who had committed their crimes prior to Senate Bill 10's enactment. *Id.* at ¶ 19. The court held that Senate Bill 10's classification, registration, and community-notification provisions were punitive and could not constitutionally be

retroactively applied to sex offenders who had committed their sex offenses before its enactment.

{¶9} The Supreme Court applied the holdings of *Bodyke* and *Williams* in *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406. Palmer had pleaded guilty to sexual battery in 1995 and had served an 18-month sentence. He had no duty to register under Megan's Law because he had completed his sentence prior to July 1, 1997. After Senate Bill 10 became effective, Palmer was administratively classified as a Tier III sex offender. He was then indicted for failing to provide notice of an address change and for failing to verify his current address. The Supreme Court held that the indictment against Palmer should have been dismissed because Senate Bill 10's classification, registration, and community-notification provisions could not constitutionally be applied to him. Further, the court noted, Megan's Law did not apply to Palmer because he had been released from prison for his sex offense prior to July 1, 1997.

{¶10} Because Campbell committed his crime in 2002, Senate Bill 10's classification, registration, and community-notification provisions may not be applied to him. Campbell argues that he was unconstitutionally charged and convicted under Senate Bill 10. The indictment alleges that Campbell failed to provide written notice at least 20 days prior to an address change. Campbell argues that when he was convicted of his original sex offense, he was required, under Megan's law, to give written notice at least seven days prior to an address change. Therefore, Campbell asserts, the indictment unconstitutionally charges him with a Senate Bill 10 violation.

{¶11} Megan's Law was amended to provide for a 20-day notice requirement. Megan's Law and its amendments were upheld as constitutional by the

Ohio Supreme Court. *See State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110; *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998). Therefore, Campbell had a duty under Megan's Law to provide written notice at least 20 days prior to an address change. *See Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, at ¶ 24 ("both the current and former versions of R.C. 2950.05(A) required offenders to provide a 20-day notification of a change in their residence address").

{¶12} The Supreme Court held in *Brunning* that *Bodyke* did not require the vacation of a conviction for failing to provide notice of a change of address where the failure was a violation of R.C. 2950.05 both as it exists under Senate Bill 10 and as it existed under Megan's Law. *Id.* Campbell was indicted for failing to provide written notice at least 20 days prior to an address change, and the stated basis of the notice requirement was a November 1, 2002, conviction for rape. Campbell had an ongoing duty under Megan's Law to provide written notice 20 days prior to a change of address. His failure-to-notify offense was based upon that duty, which was the same under both Senate Bill 10 and Megan's Law. Therefore, the trial court did not err in overruling his motion to dismiss the indictment on that basis.

{¶13} Campbell also argues that the indictment unconstitutionally charged him with a Senate Bill 10 violation because it charged him with a first-degree felony, and when he committed his sex offense, failure to notify of an address change was a fifth-degree felony. Campbell asserts that the "retroactive" application of R.C. 2950.99's current penalty provisions, which made Campbell's failure-to-notify offense a first-degree felony, was unconstitutional. We note that Campbell pleaded guilty to and was sentenced for failure to notify as a second-degree felony.

{¶14} In *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, the Supreme Court held that former R.C. 2950.99, "specifically, the version of R.C. 2950.99 in place immediately prior to the repeal of Megan's Law by the Adam Walsh Act" governs the penalty for sex offenders originally classified under Megan's Law who violate former R.C. 2950.05 by failing to give proper notice of an address change. Campbell must be found guilty and sentenced under the version of R.C. 2950.99 in place immediately prior to the effective date of Senate Bill 10. Under that version of R.C. 2950.99, Campbell's failure-to-notify offense is a felony of the third degree. *See id.*; *see also State v. Washington*, 1st Dist. No. C-120583, 2013-Ohio-797.

{¶15} Campbell's assignment of error is sustained in part and overruled in part. The judgment of the trial court finding Campbell guilty of and sentencing him for a second-degree felony is reversed, and this cause is remanded to the trial court with instructions to vacate Campbell's second-degree felony conviction, to enter a finding of guilt for a third-degree felony, and to sentence Campbell for a third-degree felony offense.

Judgment reversed and cause remanded.

**HENDON, P.J.**, and **HILDEBRANDT, J.**, concur.

Please note:
    The court has recorded its own entry this date.