THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as *State v. Williams,* 103 Ohio St.3d 112, 2004-Ohio-4747.]

(No. 1999–1218—Submitted June 29, 2004—Decided September 22, 2004.)

O'CONNOR, J.

{¶ 1} For the December 1995 rape and murder of Catrise Gregory, defendant-appellant, Shawn C. Williams, was tried by jury, convicted of aggravated murder with a rape-murder capital specification, and sentenced to death. He appealed the judgment to this court as a matter of right.

{¶ 2} On September 3, 2003, we affirmed Williams's convictions but found reversible error in the penalty phase of his trial. See *State v. Williams,* 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27. Accordingly, we vacated Williams's death sentence and remanded the cause to the trial court for resentencing pursuant to current R.C. 2929.06, which provides:

{¶ 3} "(B) If the sentence of death that is imposed upon an offender is vacated upon appeal because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply, the trial court * * * shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. * * * At the hearing, the court shall follow the procedure set forth in [R.C. 2929.03(D) ] in determining whether to impose upon the offender a sentence of death, life

imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment."

{¶ 4} At the time Williams raped and murdered Gregory, however, this version of R.C. 2929.06 was not yet in effect, and the then current version did not permit impaneling a new jury to reconsider imposing a death sentence after the original death sentence was vacated for penalty-phase error. See 146 Ohio Laws, Part IV, 7820; *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744. Williams moved this court for reconsideration, arguing that current R.C. 2929.06 is inapplicable because he committed his crime before the statute's October 16, 1996 amendment permitting the impaneling of a new jury and the reimposition of the death sentence. See 146 Ohio Laws, Part VI, 10548, adding subsection R.C. 2929.06(A)(2), now (B). Moreover, he asserted that the prior version of R.C. 2929.06 controls, and thus he cannot be resentenced to death.

{¶ 5} On December 8, 2003, we granted Williams's motion for reconsideration and ordered briefing on the following question: "Following remand and a new penalty hearing, may a sentence of death be imposed upon the appellant under the current version of R.C. 2929.06, or does the version of R.C. 2929.06 in effect at the time of the offense, which would preclude a death sentence, apply upon remand of this case?" *State v. Williams,* 100 Ohio St.3d 1525, 2003-Ohio-6510, 800 N.E.2d 43.

{¶ 6} We now hold that current R.C. 2929.06 does not apply retroactively, and therefore the version of R.C. 2929.06 in effect at the time of Williams's offenses applies upon remand.

{¶ 7} A statute is retroactive if it penalizes conduct that occurred before its enactment. Retroactivity is unconstitutional if it " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.' " *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, quoting *Cincinnati v. Seasongood* (1889), 46 Ohio St. 296, 303, 21 N.E. 630.

{¶ 8} R.C. 1.48 provides: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Thus, a statute may not be applied retroactively unless the court finds a "clearly expressed legislative intent" that the statute so apply. *State v. Cook* (1998), 83 Ohio St.3d 404, 410, 700 N.E.2d 570.

{¶ 9} Because the Revised Code is silent as to whether current R.C. 2929.06(B) applies retroactively, it applies only prospectively. Therefore, current R.C. 2929.06 is inapplicable for resentencing an offender whose offenses occurred prior

to the statute's effective date of October 16, 1996. Rather, the law in effect at the time of the offenses applies.

{¶ 10} Nonetheless, amicus curiae the Franklin County Prosecuting Attorney invites us to overrule *Penix*, 32 Ohio St.3d 369, 513 N.E.2d 744, and hold that former R.C. 2929.06 would permit imposition of the death penalty upon remand. We decline.

{¶ 11} We recently held that a prior decision may be properly overruled "where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus. In light of this standard, we conclude that *Penix* cannot be properly overruled because, counter to amicus's arguments, it was not improperly decided and it does not defy practical workability.

{¶ 12} To support its argument that *Penix* was improperly decided, amicus cites *Mast v. Doctor's Hosp. North* (1976), 46 Ohio St.2d 539, 75 O.O.2d 556, 350 N.E.2d 429, in which we interpreted App.R. 12(D) to permit "retrial of only those issues, claims or defenses the original trial of which resulted in prejudicial error, and to allow issues tried free from error to stand." Id. at 541, 75 O.O.2d 556, 350 N.E.2d 429. Unlike *Penix*, however, *Mast* did not involve a statute that specifically required the acquiescence of a trial jury in order to impose particular consequences on the defendant. Therefore, we reject amicus's argument that reimposition of a death sentence on remand is authorized by App.R. 12(D).

{¶ 13} Amicus also asserts that *Penix* was wrongly decided because R.C. 2953.07(A) permits an appellate court to reverse a criminal judgment in part and to remand for the sole purpose of correcting an improperly imposed sentence. *Penix*, however, does not contradict R.C. 2953.07. Rather, *Penix* states that, in a capital case tried by jury, correction of the sentence on remand may not be accomplished by impaneling a new jury with the power to impose a new death sentence, because R.C. 2929.03 reserves that power to the trial jury. Id., 32 Ohio St.3d at 372, 513 N.E.2d 744. Therefore, we reject amicus's argument that reimposition of the death penalty on remand is authorized by R.C. 2953.07(A).

{¶ 14} Even were we persuaded that the *Penix* rule is unsound, the decision does not defy practical workability. *Penix* has created no confusion in the courts of Ohio, we fully explained our rationale, and it did not depart from precedent. Cf. *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 51. Neither has *Penix* spawned a complex body of law characterized by "a patchwork of exceptions and limitations." *Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 57. Its application is straightforward and its scope is clear:

reimposition of the death penalty on remand is precluded in capital cases in which the defendant's aggravated-murder conviction has been affirmed, but the death sentence has been vacated on the ground of penalty-phase error. This simple rule applies to all cases in which the capital crime was committed before October 16, 1996, the effective date of the amendment to R.C. 2929.06 that permitted the death sentence to be reimposed on remand.

{¶ 15} We reaffirm *Penix*, and we hold that current R.C. 2929.06(B) may be applied prospectively only. Further, we remand this cause to the trial court for resentencing pursuant to the law that existed at the time of Williams's offenses. Accordingly, on remand the trial court shall, pursuant to former R.C. 2929.06(B), conduct a new sentencing hearing and choose from the life-sentencing options available in December 1995: life with parole eligibility after 20 full years or life with parole eligibility after 30 full years.

Judgment accordingly.

MOYER, C.J., F.E. SWEENEY, PFEIFER and CELEBREZZE, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur in judgment only.

FRANK D. CELEBREZZE JR., J., of the Eighth Appellate District, sitting for O'DONNELL, J.

---

**ALICE ROBIE RESNICK, J., concurring in judgment only.**

{¶ 16} I reluctantly agree with the ultimate conclusion reached by the majority but do not concur in its reasoning. Therefore, I concur in judgment only and do not join in the syllabus paragraph.

{¶ 17} My perception of the issue raised by this case starts with the view that the syllabus of *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744, was wrongly decided. I find persuasive the dissenting opinion of Justice Robert Holmes in *Penix*, who reasoned that neither R.C. 2929.03 nor 2929.06, as they then existed, prohibited the state from seeking the death penalty upon remand when the original death sentence was vacated due to penalty-phase error. See id. at 375–379, 513 N.E.2d 744 (Holmes, J., dissenting).

{¶ 18} Current R.C. 2929.06(B), effective October 16, 1996, as amended, now explicitly reflects the position of Justice Holmes that the death penalty should be available in this situation. See 1996 Sub.S.B. No. 258, 146 Ohio Laws, Part VI, 10539, 10548, 10554. In amending the statute, the General Assembly did not specify that it was to operate retroactively. Neither did the General Assembly choose to specifically address the effect the amended statute had on *Penix*, although the holding of *Penix* was clearly abrogated.

{¶ 19} Like the majority, I find that the General Assembly's failure to specify within current R.C. 2929.06(B) that the statute operates retroactively leads to a presumption that the statute is prospective only and that the presumption has not been overcome in this case. Unlike the majority, however, because I agree with Justice Holmes in his dissent that *Penix* is an inaccurate interpretation of prior law, I believe that a statutory amendment was not necessary to subject Williams to the death penalty on remand. In different circumstances, I would support the overruling of *Penix* and its syllabus, and would therefore dissent from the majority's holding, finding that Williams should be eligible to receive a death sentence on remand.

{¶ 20} My chief reasons for not advocating the overruling of *Penix* involve two different passages of time. *Penix* was decided in 1987 and continued to be fully valid until the General Assembly enacted current R.C. 2929.06(B) in 1996. If the General Assembly felt that *Penix* was wrongly decided, it could have acted more quickly than that to do away with it, instead of allowing the decision to control on the issue for approximately nine years. Also, it would seem that if the General Assembly disagreed with the *Penix* court's interpretation of prior law, it could have specified so somewhere within 1996 Sub.S.B. No. 258, as it has commented on past decisions of this court within other bills that have been reviewed by this court. The failure to comment on *Penix*, considered along with the failure to explicitly make current R.C. 2929.06(B) retroactive, could easily be viewed as acquiescence by the General Assembly in its holding.

{¶ 21} The second passage of time that affects my view of whether *Penix* should be overruled involves the almost eight years that have passed from the 1996 amendment of R.C. 2929.06 until the issue now comes before us in this case. It is apparent that R.C. 2929.06(B)'s reach is limited to a small number of cases, and for that reason it is not surprising that it has taken this long for the issue to be raised, especially given that death-penalty cases frequently progress at a very deliberate pace. See *State v. Gross,* 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 218 (Resnick, J., concurring in part and dissenting in part). Nevertheless, when these two time periods are added together, *Penix* has ostensibly survived for almost 17 years to apply to death-penalty cases in which the capital offense occurred prior to October 16, 1996. I am loath to overrule settled law that has continued unquestioned for this length of time and that applies to such a limited number of cases, even if I believe that it was wrongly decided.

{¶ 22} Because, like the majority, I conclude that *Penix* should not be overruled and so controls, I agree with the majority that on remand the trial court must choose from the sentencing options available when Williams committed his capital offense, in December 1995. Life imprisonment without parole and

life imprisonment with parole eligibility after 25 full years were not available as sentences for a capital case until R.C. 2929.03 was amended, effective July 1, 1996 (1995 Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7454–7456, 7810, and 1996 Am.Sub.S.B. No. 269, 146 Ohio Laws, Part VI, 10752, 10926–10927, 11099), and so appellant is not eligible to receive either of those sentences. See *Gross,* 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 220 (Resnick, J., concurring in part and dissenting in part), citing *State v. Madrigal* (2000), 87 Ohio St.3d 378, 399, 721 N.E.2d 52, and *State v. Raglin* (1998), 83 Ohio St.3d 253, 259–260, 699 N.E.2d 482.

{¶ 23} Since the death penalty *was* a sentencing option at the time Williams committed his capital offense, *Madrigal* and *Raglin* do not themselves prevent its imposition on remand in this case. For that reason, if the General Assembly had expressly made current R.C. 2929.06(B) retroactive, those decisions would play no role in our inquiry into the constitutionality of the statute's application to Williams. Williams's arguments in this regard, premised on this court's possible acceptance of the state's position that R.C. 2929.06(B) can be applied retroactively, strike me as less than convincing. However, because this court has not accepted the state's threshold proposition that the statute can be applied retroactively, there is no occasion to consider whether retroactive application would offend constitutional provisions.

{¶ 24} For all the foregoing reasons, I concur in judgment only.

LUNDBERG STRATTON, J., concurs in the foregoing concurring opinion.

---

Julia R. Bates, Lucas County Prosecuting Attorney, and Craig T. Pearson, Assistant Prosecuting Attorney, for appellee.

Jeffrey M. Gamso and David L. Doughten, for appellant.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Christopher D. Stock, Deputy Solicitor, and Matthew Chamberlain, Assistant Attorney General, for amicus curiae Attorney General of Ohio.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for amicus curiae Franklin County Prosecuting Attorney.

David H. Bodiker, Ohio Public Defender, Pamela J. Prude–Smithers and Siobhan R. Clovis, Assistant Public Defenders, for amicus curiae Ohio Public Defender.

Michael J. Benza and Carrie L. Davis, for amicus curiae American Civil Liberties Union of Ohio Foundation, Inc.

David C. Stebbins; Law Office of S. Adele Shank and S. Adele Shank, for amicus curiae Ohio Association of Criminal Defense Lawyers.