[Cite as *State v. Aaron*, 2012-Ohio-248.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25900 |
| | |
| Appellant | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DARRELL JAMES AARON | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR 09 06 1857 |

DECISION AND JOURNAL ENTRY

Dated: January 25, 2012

---

DICKINSON, Judge.

INTRODUCTION

{¶1} Darrell Aaron pleaded guilty to endangering children, and the trial court sentenced him to three years in prison. The court also found him to be a sexually-oriented offender under Megan's Law. In 2008, the State attempted to reclassify Mr. Aaron as a Tier II sex offender under the Adam Walsh Act. In June 2009, the Grand Jury indicted Mr. Aaron for failing to verify his current address and failing to provide notice of his change of address under the Adam Walsh Act. Mr. Aaron pleaded guilty to failure to verify his current address, and the trial court sentenced him to two years in prison, which it suspended upon the condition that he complete two years of community control. Five months later, the State charged Mr. Aaron with violating community control. Before that issue could be determined, Mr. Aaron moved to withdraw his plea to the failure to verify current address charge, arguing that he had been improperly reclassified under the Adam Walsh Act. The trial court granted his motion. Mr.

Aaron then moved to dismiss the indictment, arguing that, because the State was not allowed to reclassify him under the Adam Walsh Act, he could not be charged under it. The State agreed that Mr. Aaron could not be charged with violating the Adam Walsh Act, but moved to amend the indictment under Rule 7(D) of the Ohio Rules of Criminal Procedure to charge Mr. Aaron with failing to provide notice of his change of address under Megan's Law. The trial court denied its motion and dismissed the indictment, determining that "the amendment sought by the State [is] not perm[itted] in this case." The State has appealed, arguing that the trial court should have allowed it to amend the indictment to charge Mr. Aaron with failing to provide notice of his change of address under Megan's Law. We reverse because the trial court incorrectly refused to allow the State to amend the indictment.

## EFFECT OF IMPROPER RECLASSIFICATION

{¶2} In *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, the Ohio Supreme Court held that defendants who had been classified as sex offenders under former law could not be reclassified under the Adam Walsh Act. *Id.* at paragraphs two and three of the syllabus. It struck the sections of the Ohio Revised Code that instructed the attorney general to reclassify sex offenders, held "that the reclassifications of sex offenders by the attorney general are invalid, and reinstate[d] the prior judicial classifications of sex offenders." *Id.* at ¶2.

{¶3} Mr. Aaron has argued that, even though *Bodyke* restored his sex offender status under Megan's Law, the State could not amend the indictment to charge him with violating his Megan's Law notification requirements because those requirements did not exist at the time of the alleged offense. According to Mr. Aaron, when the General Assembly passed the Adam Walsh Act, it repealed the notification requirements in Megan's Law, meaning he was not

subject to any requirements from the date the Adam Walsh Act took effect until the Supreme Court reinstated his Megan's Law reporting requirements in *Bodyke*.

{¶4} In *State v. Gingell*, 128 Ohio St. 3d 444, 2011-Ohio-1481, Ronald Gingell was convicted of three counts of rape and was classified as a sexually oriented offender under Megan's Law. The attorney general reclassified him as a Tier III sexual offender under the Adam Walsh Act. Six months after the reclassification, Mr. Gingell was indicted for failing to verify his address and for failing to provide notice of his change of address, as required under the Adam Walsh Act. He pleaded guilty to failing to verify his address, but appealed, arguing that the trial court incorrectly determined the level of the offense. While his appeal was pending, the Ohio Supreme Court decided *Bodyke*. Applying it to Mr. Gingell's case, the Supreme Court determined that Mr. Gingell could not be convicted for violating the Adam Walsh Act's 90-day address verification requirement. *Id*. at ¶8. It noted, however, that Mr. Gingell had "remained accountable for the yearly reporting requirement under Megan's Law; whether he met that requirement is not a part of this case." *Id*.

{¶5} The Ohio Supreme Court's statements in *Gingell* clarify that sexual offenders who were improperly reclassified under the Adam Walsh Act remained subject to Megan's Law's reporting requirements during the period of their improper reclassification. *State v. Gingell*, 128 Ohio St. 3d 444, 2011-Ohio-1481, at ¶8. We, therefore, conclude that the trial court incorrectly determined that the State could not amend the indictment to charge Mr. Aaron with an offense under Megan's Law. See *State v. Howard*, 2d Dist. No. 24680, 2011-Ohio-5693, at ¶12 (upholding conviction for failure to provide notice of change of address because the requirement was the same under Megan's Law and the Adam Walsh Act); *State v. Bowling*, 1st Dist. No. C-100323, 2011-Ohio-4946, at ¶23 (concluding that defendant's failure to notify of

change of address offense was not based on an unconstitutional reclassification because the same duty applied under Megan's Law and the Adam Walsh Act); *State v. Stoker*, 5th Dist. No. 2010-CA-00331, 2011-Ohio-3934, at ¶23 (concluding that defendant's reclassification under Adam Walsh Act had "no bearing on the outcome of his prosecution" for failing to provide notice of his change of address). The State's assignment of error is sustained.

## CONCLUSION

**{¶6}** The trial court incorrectly determined that the State could not amend the indictment under Rule 7(D) of the Ohio Rules of Criminal Procedure to charge Mr. Aaron with failing to provide notice of his change of address under Megan's Law. The judgment of the Summit County Common Pleas Court is reversed.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellant.

MARTHA HOM, Attorney at Law, for Appellee.