[Cite as *State v. Proctor*, 2012-Ohio-3342.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26303 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRAVIUS PROCTOR | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 10 2738 |

DECISION AND JOURNAL ENTRY

Dated: July 25, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} The Grand Jury indicted Travius Proctor for escape and failure to provide notice of his change of address. Mr. Proctor pleaded no contest, and the trial court found him guilty of the offenses. Mr. Proctor has appealed his conviction for failure to provide notice of his change of address, arguing that the court did not have jurisdiction to accept his plea because the indictment charged him under the Adam Walsh Act and he was not subject to its provisions. We affirm because Mr. Proctor was required to provide notice of his change of address under Section 2950.05 of the Ohio Revised Code.

NOTICE OF CHANGE OF ADDRESS

{¶2} Mr. Proctor's assignment of error is that the trial court did not have jurisdiction to accept his plea for violation of the Adam Walsh Act because he was only subject to the requirements of Megan's Law. In 2000, Mr. Proctor pleaded guilty to attempted corruption of a

minor, a felony of the fifth degree. The court sentenced him to 11 months in jail and also classified him as a sexually oriented offender under Megan's Law. In 2007, the State attempted to reclassify him as a tier II sex offender under the Adam Walsh Act. In October 2011, the Grand Jury indicted him for failing to provide notice of his change of address under Section 2950.05 of the Ohio Revised Code.

{¶3} Mr. Proctor moved to dismiss the notice-of-change-of-address count, arguing that he was not subject to the Adam Walsh Act. He noted that, in *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, the Ohio Supreme Court held that the provisions of the Adam Walsh Act that required the State to reclassify sex offenders who had already been classified by judges were unconstitutional. *Id*. at ¶ 55. He argued that, even though the Supreme Court had reinstated his Megan's Law classification in *Bodyke*, he could not be charged with violating Megan's Law's notice-of-change-of-address requirement because the General Assembly had repealed all of the sections of the Revised Code regarding Megan's Law.

{¶4} Under Megan's Law, offenders who were convicted of a sexually-oriented offense were required to register with the sheriff of the county in which they lived. *See* R.C. 2950.04(A), effective April 29, 2005. If the offender planned to change his residence, he was required to provide written notice to the sheriff of the county where he then lived and to the sheriff of the county where he planned to move at least 20 days before the move. R.C. 2950.05(A), (B), effective April 29, 2005. Under the Adam Walsh Act, offenders who are "required to register pursuant to division (A)(2), (3), or (4) of section 2950.04" must also provide 20 days written notice before changing their address. R.C. 2950.05(A), (B). Under Section 2950.04(A)(2), "[r]egardless of when the sexually oriented offense was committed, each offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a

sexually oriented offense shall comply with the . . . registration requirements." Someone who is subject to registration requirements under Megan's Law, therefore, is also someone who is "required to register" under the Adam Walsh Act amendments to Section 2950.05.

{¶5} In *Bodyke*, the Ohio Supreme Court invalidated the part of the Adam Walsh Act that required the state attorney general to reclassify sex offenders into different tiers. *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, ¶ 66 (excising R.C. 2950.03.1 and R.C. 2950.03.2). The Court's decision did not affect any other sections of the Act. Considering that Section 2950.05 required Mr. Proctor to provide notice of his change of address at least twenty days in advance under both Megan's Law and the Adam Walsh Act, we conclude that the Adam Walsh Act amendments to Section 2950.05 are constitutional and that the State had authority to indict Mr. Proctor for allegedly violating that section. *State v. Milby*, 2d Dist. No. 23798, 2010-Ohio-6344, ¶ 31 (explaining that neither the Adam Walsh Act nor *Bodyke* changed the defendant's duty to provide a change of his address).

{¶6} This conclusion is consistent with our precedent. In *State v. Aaron*, 9th Dist. No. 25900, 2012-Ohio-248, we determined that the State could amend an indictment that charged the defendant with failure to provide notice of change of address under the Adam Walsh Act in order to charge the defendant with failure to provide notice of his change of address under Megan's Law. *Id.* at ¶ 1. We noted that, in *State v. Gingell*, 128 Ohio St. 3d 444, 2011-Ohio-1481, the Ohio Supreme Court specifically explained that, even though the State had improperly reclassified Ronald Gingell under the Adam Walsh Act, Mr. Gingell "remained accountable for the . . . reporting requirement[s] under Megan's Law . . . ." *Aaron*, 2012-Ohio-248 at ¶ 4 (quoting *Gingell*, 2011-Ohio-1481 at ¶ 8); *see also* R.C. 1.58(A)(2), (3) ("The . . . repeal of a

statute does not . . . [a]ffect any . . . obligation[ ] or liability . . . or penalty, forfeiture, or punishment incurred . . . prior to the amendment or repeal[.]").

{¶7}     Mr. Proctor has not established that he could not be indicted for violating Section 2950.05 of the Ohio Revised Code just because the Ohio Supreme Court has determined that Sections 2950.03.1 and 2950.03.2 are unconstitutional.  We conclude that the trial court had jurisdiction to accept his no contest plea and find him guilty of failure to provide notice of his change of address.  Mr. Proctor's assignment of error is overruled.

CONCLUSION

{¶8}     Defendants who are subject to Megan's Law notice-of-change-of-address requirement may be indicted under Section 2950.05 of the Ohio Revised Code, as amended by the Adam Walsh Act.  The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
<u>CONCURS.</u>

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY</u>.

{¶9} I concur in the judgment of the majority. Mr. Proctor failed to file any transcript of the hearing on his motion to dismiss and change of plea; thus, I would conclude that this Court is required to presume regularity in the trial court's proceedings. *State v. Boone,* 9th Dist. No. 26104, 2012-Ohio-3142, ¶ 7. In the instant matter, the absence of a transcript is problematic because it prevents this Court from determining what was actually argued and/or presented at the hearing. Thus, this Court cannot know whether Mr. Proctor waived or conceded anything with respect to his arguments or even whether Mr. Proctor substantiated his assertion that he was a Megan's Law offender in the first place. Further, while the trial court's entry on the issue does not provide any reasoning or analysis, a review of the transcript might provide some insight into why it reached the result it did, which this Court could then review. Accordingly, in light of the limited record before us, I would not reach the merits of Mr. Proctor's arguments.

<u>APPEARANCES:</u>

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.