[Cite as *State v. Mestre*, 2012-Ohio-5745.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98311

---

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RAMON MESTRE

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the

Cuyahoga County Court of Common Pleas
Case No. CR-535193

**BEFORE:** Stewart, P.J., Cooney, J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

ATTORNEYS FOR APPELLANT

Sherri Bevan Walsh
Summit County Prosecutor
Special Prosecutor for Cuyahoga County

BY:   Richard S. Kasay
Assistant Summit County Prosecutor
53 University Avenue, 6th Floor
Akron, OH    44308


ATTORNEYS FOR APPELLEE

Robert L. Tobik
Cuyahoga County Public Defender

BY: Culleen Sweeney
        John T. Martin
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} The state of Ohio appeals from an order that dismissed an indictment charging defendant-appellee Ramon Mestre with failing to verify his address under the Adam Walsh Act, as codified in R.C. 2950.06(F). Although the state concedes that Mestre could not be charged with a violation of the Adam Walsh Act, it argues that the court erred by dismissing the indictment because Mestre could have been charged with failure to verify his address under Megan's law.

I

{¶2} In 1988, Mestre was convicted in the state of Pennsylvania on a charge of deviate sexual intercourse. He later moved to Ohio and, as a sexually oriented offender, was required under Megan's Law to verify his address annually on the date of his original registration for a period of ten years. Following the enactment of the Adam Walsh Act in 2007, Mestre was reclassified as a Tier III sexual offender and was required to verify his address every 90 days for life.

{¶3} In 2010, the state of Ohio charged Mestre with failing to verify his address. Mestre pleaded guilty to the charge, but nine months later sought to withdraw his guilty plea under authority of *State v. Bodyke*, 126 Ohio St.3d

266, 2010-Ohio-2424, 933 N.E.2d 753, which held that the reclassification of sexual offenders under the Adam Walsh Act violated the separation-of-powers doctrine. The court denied Mestre's motion to withdraw his guilty plea. We held on appeal from that ruling that the court abused its discretion by refusing to allow Mestre to withdraw his guilty plea because Mestre had been unlawfully reclassified under the Adam Walsh Act. *State v. Mestre*, 8th Dist. No. 96820, 2011-Ohio-5677.

{¶4} On remand, Mestre filed a motion to dismiss the indictment, arguing that his reclassification under the Adam Walsh Act was unconstitutional, that he was actually innocent of the charged crime of failure to verify his address, and that the supreme court had held in the second paragraph of the syllabus to *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, that "[a] trial court may dismiss an indictment for violations of R.C. Chapter 2950 when it determines that the chapter's regulations do not apply to the accused." The state opposed the motion on grounds that regardless of whether Mestre's reclassification under the Adam Walsh Act had been improper, it could nonetheless maintain a prosecution against Mestre for failure to verify under Megan's Law because Mestre failed to verify his address on the one-year anniversary date of his initial registration. At no point, however, did the state actually seek to

amend the indictment. Following a hearing on the motion, the court granted the motion to dismiss.

II

**{¶5}** While the enactment of the Adam Walsh Act was accompanied by the repeal of Megan's Law, *see State v. Williams*, 129 Ohio St.3d, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 40, the repeal of Megan's Law did not affect Mestre's reporting obligations under that act. R.C. 1.58(A)(2) states that the repeal of a statute does not "[a]ffect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder[.]" In *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, 946 N.E.2d 192, the supreme court noted that *Bodyke* severed the reclassification provisions of the Adam Walsh Act and that the "original classification under Megan's Law and the associated community-notification and registration order were reinstated" for the offender. *Id.* at ¶ 8. *See also State v. Proctor*, 9th Dist. No. 26303, 2012-Ohio-3342, ¶ 6.

**{¶6}** In *State v. Aaron*, 9th Dist. No. 25900, 2012-Ohio-248, the Ninth District Court of Appeals considered the same issue presented in this appeal. Aaron had been classified as a sexual offender under Megan's law, but reclassified as a Tier II offender under the Adam Walsh Act. He pleaded

guilty to a charge of failing to verify his address, but asked the court to withdraw the plea because the reclassification was unconstitutional under *Bodyke*. The court granted the motion to withdraw, and Aaron then sought dismissal of the indictment. The state agreed that Aaron could not be charged under the Adam Walsh Act, but argued that he could be charged under Megan's Law and asked the court to amend the indictment under Crim.R. 7(D). The court denied the state's motion to amend the indictment and granted Aaron's motion to dismiss. On appeal by the state, the Ninth District stated:

> The Ohio Supreme Court's statements in *Gingell* clarify that sexual offenders who were improperly reclassified under the Adam Walsh Act remained subject to Megan's Law's reporting requirements during the period of their improper reclassification. *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, at ¶ 8, 946 N.E.2d 192. We, therefore, conclude that the trial court incorrectly determined that the State could not amend the indictment to charge Mr. Aaron with an offense under Megan's Law. *See State v. Howard*, 2d Dist. No. 24680, 195 Ohio App.3d 802, 2011-Ohio-5693, at ¶ 12, 961 N.E.2d 1196 (upholding conviction for failure to provide notice of change of address because the requirement was the same under Megan's Law and the Adam Walsh Act); *State v. Bowling*, 1st Dist. No. C-100323, 2011-Ohio-4946, at ¶ 23 (concluding that defendant's failure to notify of change of address offense was not based on an unconstitutional reclassification because the same duty applied under Megan's Law and the Adam Walsh Act); *State v. Stoker*, 5th Dist. No. 2010-CA-00331, 2011- Ohio-3934, at ¶ 23 (concluding that defendant's reclassification under Adam Walsh Act had "no bearing on the outcome of his prosecution" for failing to provide notice of his change of address). *Id.* at ¶ 5.

**{¶7}** Our decision in *State v. Brunning*, 8th Dist. No. 95376, 2011-Ohio-1936, *appeal allowed*, 129 Ohio St.3d 1488, 2011-Ohio-5129, 954 N.E.2d 661, contains language that contradicts *Aaron*: "Once offenders already under the obligation to report pursuant to Megan's Law were reclassified pursuant to R.C. 2950.031 and 2950.032, their duties to report were derived from the AWA." *Id*. at ¶ 10. This language is contradicted by *Gingell,* which makes it plain that an offender who was reclassified under the Adam Walsh Act could still be held accountable for the yearly reporting requirement under Megan's Law. *Gingell* at ¶ 8. Indeed, even before *Gingell* was issued, we implicitly recognized that a vacated plea stemming from an alleged violation of the Adam Walsh Act might nonetheless support a different prosecution under Megan's Law. *See, e.g., State v. Caldero*, 8th Dist. No. 96719, 2010-Ohio-11, ¶ 14 ("Whether Caldero was in compliance with Megan's Law is a question of fact before the trial court, not this court.").

**{¶8}** *Gingell* settles the question raised here — even though Mestre is not subject to the reporting requirements of the Adam Walsh Act, he is nonetheless still subject to the reporting requirements of Megan's Law.

**{¶9}** But being subject to the reporting requirements of Megan's Law is not the same thing as being charged with violating Megan's Law. The state

made no attempt to amend the indictment or reindict Mestre for alleged violations of Megan's Law. At all times, Mestre was charged under a facially invalid indictment because it charged him with a criminal offense under the wrong statute. Under those circumstances, the court had no choice but to dismiss the defective indictment. *Palmer, supra.* It follows that the court did not err by dismissing the indictment.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR
KEY WORDS:
98311