[Cite as *State v. Treadwell*, 2013-Ohio-3870.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO                    C.A. No.      13CA010338

    Appellee

    v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
RODNEY O. TREADWELL              COURT OF COMMON PLEAS
                                 COUNTY OF LORAIN, OHIO
    Appellant                    CASE No.      11CR083635

DECISION AND JOURNAL ENTRY

Dated: September 9, 2013

HENSAL, Judge.

{¶1}    Defendant-Appellant, Rodney O. Treadwell, appeals from his conviction in the Lorain County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}    In 1997, Treadwell pleaded guilty to one count of rape with a firearm and two counts of aggravated robbery with a firearm.  All counts also included a notice of prior conviction specification.  He was sentenced to nine years in prison.  Under Ohio's then-existing sexual offender reporting requirements, he was classified as a sexually oriented offender and required to annually register his residence address with the county sheriff for ten years following his 2007 release from prison.  In addition, he was required to report any change of his residence address to the county sheriff at least 20 days in advance.

{¶3}    On September 12, 2011, a complaint was filed in the Elyria Municipal Court that charged Treadwell with failure to notify the sheriff's office of a change of address.  Treadwell

was bound over to the Grand Jury and indicted on one count of failure to register a change of address in violation of Revised Code Section 2950.05(F)(1). He pleaded not guilty and the case proceeded to a bench trial. The trial court found Treadwell guilty and sentenced him to three years in prison with five years of mandatory post-release control. Treadwell filed a timely appeal of his conviction and raises two assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE STATE DID NOT PRESENT SUFFICIENT EVIDENCE TO SHOW THAT MR. TREADWELL COMMITTED THE CHARGED OFFENSE. ACCORDINGLY, HIS CONVICTION IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶4} In his first assignment of error, Treadwell argues that his conviction was not supported by sufficient evidence. This Court disagrees.

{¶5} This Court reviews a question of whether there is sufficient evidence to support a conviction de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The test for sufficiency requires a determination of whether the State has met its burden of production at trial." *State v. Collmar*, 9th Dist. Summit No. 26496, 2013-Ohio-1766, ¶ 7.

{¶6} Due to the nature of his original 1997 convictions, Treadwell was classified as a sexually oriented offender and subject to the reporting requirements under Megan's Law.

Under Megan's Law, offenders who were convicted of a sexually-oriented offense were required to register with the sheriff of the county in which they lived. *See* R.C. 2950.04(A), effective April 29, 2005. If the offender planned to change his residence, he was required to provide written notice to the sheriff of the county where he lived and to the sheriff of the county where he planned to move at least 20 days before the move. R.C. 2950.05(A), (B), effective April 29, 2005.

*State v. Proctor*, 9th Dist. Summit No. 26303, 2012-Ohio-3342, ¶ 4. Megan's Law was repealed effective January 1, 2008, and replaced with the Adam Walsh Act ("AWA"). Treadwell was convicted of violating Revised Code Section 2950.05(F)(1), a provision of the AWA. Under Revised Code 2950.05(F)(1), "[n]o person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division." Just like the Megan's Law provisions, "[u]nder the Adam Walsh Act, offenders who are 'required to register pursuant to division (A)(2), (3), or (4) of section 2950.04' must also provide 20 days written notice before changing their address." *Proctor* at ¶ 4; R.C. 2950.05(A), (B).

{¶7} In the recent case of *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, the Ohio Supreme Court held that "offenders originally classified under Megan's Law have a continuing duty to abide by the requirements of Megan's Law." *Id*. at ¶ 31. The Court recognized that "the relevant AWA statutory section is * * * R.C. 2950.05(F)(1); the Megan's Law version of the relevant statute was R.C. 2950.05(E)(1) as it existed immediately before it was repealed. Though styled differently, the AWA and the pre-AWA version are identical as to persons required to submit a change of residence address * * *." (Citation omitted.) *Id*. at ¶ 24.

{¶8} Treadwell does not dispute that under the Megan's Law version of Revised Code Section 2950.05, he was obligated to report a change in his residence address to the county

sheriff. He contends, however, that the State failed to present sufficient evidence that he moved from the Lowell Street address he registered with the county sheriff.

{¶9} The State presented the testimony of Lorain County Sheriff's Deputy Deborah Hurlburt. Deputy Hurlburt was assigned to verify the reported residence addresses of sex offenders. She testified that Treadwell initially registered with the sheriff's office on April 11, 2007, and continued to register yearly through April of 2011. On April 26, 2011, the sheriff's office verified his reported residence address at 633 Lowell Street in Elyria, Ohio.

{¶10} Thereafter, according to Deputy Hurlburt, she and a colleague of hers received information that Treadwell was not residing at the Lowell Street address. On September 7, 2011, Deputy Hurlburt spoke to the owner of the Lowell Street property, Ronald Johnson, who indicated that Treadwell was living in Lorain, Ohio. Deputy Hurlburt testified that Mr. Johnson told her that Treadwell moved out most of his personal property sometime in July of 2011. However, he left some of his personal property, including his dog, at the Lowell Street address.

{¶11} On September 13, 2011, Deputy Hurlburt received information from the Lorain Police Department that Treadwell was located at 1445 West 30th Street in Lorain, Ohio. Deputy Hurlburt testified that Treadwell was present at the West 30th Street address when she arrived there to follow up on the information. She determined he was living there by speaking with the homeowner, Alfred Howell. Deputy Hurlburt did not ascertain whether he received mail at the West 30th Street address or whether he had any personal property located there as she did not enter the residence. Treadwell had not registered the West 30th Street address with the sheriff's department, and he was arrested accordingly.

{¶12} The State also offered the testimony of Ronald Johnson, the homeowner of the Lowell Street address, who was also Treadwell's long-time acquaintance. Mr. Johnson testified

that Treadwell lived with him approximately four to five months during 2011. At trial, he was uncertain whether Treadwell lived with him in June of 2011. However, Treadwell introduced a written statement prepared and signed by Mr. Johnson dated March 8, 2012, that indicated Treadwell lived at the Lowell Street home until the middle of September 2011. Upon cross-examination, Mr. Johnson acknowledged that he could have been wrong about the September move-out date.

{¶13} At trial, Mr. Johnson denied speaking with a sheriff's deputy about Treadwell at any time, including in September of 2011, which was when Deputy Hurlburt testified that she spoke with him. Mr. Johnson agreed, however, that if he told a deputy that Treadwell lived with him in June and moved out in July of 2011 that it would have been true. He further testified that he would "never lie to a deputy." According to Mr. Johnson, at the time of trial, Treadwell still had some clothing, furniture and his dog left at the Lowell Street address. He testified that his nephew was caring for the dog.

{¶14} Viewing the evidence in a light most favorable to the State, this Court concludes that there was sufficient evidence from which a reasonable trier of fact could have found that the prosecution proved beyond a reasonable doubt that Treadwell moved from the Lowell Street address and that he failed to register his new West 30th Street address. Deputy Hurlburt's testimony established that Treadwell moved from his last registered address in the middle of July 2011 to another address that he did not register. Deputy Hurlburt's investigation began when she received information that Treadwell no longer resided at the Lowell Street address. Further, she received information from the Lorain police that Treadwell was at the West 30th Street address, and when she arrived there, he was present. While Mr. Johnson denied speaking with the deputy, during cross-examination, he acknowledged that he was uncertain whether Treadwell

lived with him in June of 2011 and admitted that he could have been mistaken about Treadwell's alleged September 2011 move-out date in his written statement. Accordingly, Treadwell's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE VERDICT IN THIS CASE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶15} Treadwell argues in his second assignment of error that his conviction was against the manifest weight of the evidence. This Court does not agree.

{¶16} To determine whether Smith's conviction was against the manifest weight of the evidence, this Court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340, (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*.

{¶17} Treadwell reiterates the same arguments he made in his first assignment of error with respect to the sufficiency of the evidence, which this Court found to be without merit. Treadwell does not dispute that he was required to register his new address if he moved.

Treadwell specifically argues that his conviction is against the manifest weight of the evidence because Deputy Hurlburt's investigation was cursory and she did not verify the information she received about his alleged new address. Deputy Treadwell testified that she acted on "information" she received that Treadwell was no longer residing at the Lowell Street address. She further testified that she spoke with both Mr. Johnson, the owner of the Lowell Street address, and Mr. Howell, the owner of the West 30th Street address, who both confirmed during his conversation with her that Treadwell moved. Mr. Howell did not, however, testify at trial.

{¶18} While Mr. Johnson changed his story at trial, he testified that he would never lie to a deputy and that if he had told Deputy Hurlburt, who he did not recall speaking with, that Treadwell lived with him in June but moved out in July of 2011, it would have been true. Mr. Johnson further admitted that he could have been mistaken when he wrote in his statement that Treadwell moved from the Lowell Street address the second week of September 2011.

{¶19} The trial court was presented with conflicting testimony about whether Mr. Johnson spoke with Deputy Hurlburt and if so, whether he told her that Treadwell moved out in July 2011. After a careful review of the record, we cannot say that the trial court lost its way in finding Deputy Hurlburt's testimony more credible and that Treadwell's conviction was against the manifest weight of the evidence. His second assignment of error is overruled.

III.

{¶20} Treadwell's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

ROBERT A. GAFFNEY, JR., Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.